```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                           PIKEVILLE DIVISION


IN RE:

RICKY J. SMITH and
BARBARA SMITH

DEBTORS                                          CASE NO. 09-70709


MAXIE E. HIGGASON                                        PLAINTIFF


VS.                                              ADV. NO. 10-7001


U.S. BANK N.A., et al.                                  DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Summary Judgment (DOC 12). A hearing was held on July 15, 2010. The court took the matter under submission.

The issues to be determined are (i) whether Debtors may claim an exemption in a mobile home where the Trustee obtained a default judgment declaring that any security interest in the mobile home is avoided, and (ii) whether Debtors' debt on the mobile home is unsecured and discharged in bankruptcy.

The court has jurisdiction pursuant to 11 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

Facts and Procedural History

On November 13, 1995, to secure a Note in the amount of $42,000.00, Debtors executed a mortgage with TransFinancial Bank on certain land (the "Real Property").

1

On January 11, 1996, Trans Financial Bank noted its lien on the Kentucky Certificate of Title for the Mobile Home at issue herein (the "Mobile Home"), which was located on the Real Property subject to the mortgage.

On October 13, 2005, the TransFinancial Bank debt secured by the Real Property and Mobile Home, was paid in full via a new loan in the amount of $84,125.00 which Debtors obtained from Defendant U.S. Bank, N.A. ("U.S. Bank"). This resulted in a new mortgage being given in favor of U.S. Bank (the "U.S. Bank Mortgage") which replaced the old mortgage of TransFinancial Bank which was released. The U.S. Bank Mortgage was recorded on November 9, 2005. U.S. Bank failed, however, to note any lien on the Mobile Home's Certificate of Title.

Debtors filed their chapter 7 bankruptcy petition on September 22, 2009. The Plaintiff/Trustee filed this adversary proceeding on February 3, 2010 seeking to avoid U.S. Bank's security interest in the Mobile Home because it failed to note its lien on a certificate of title for the Mobile Home. The Trustee sued the Debtors, TransFinancial Mortgage Co. and TransFinancial Bank to assert any claims or defenses they may have or be forever barred. Finally, the Trustee sought a ruling that the avoided lien be preserved for the benefit of the bankruptcy estate.

Debtors answered the complaint stating that they thought at all times that U.S. Bank had a lien on both the Mobile Home and the Real Property. Debtors requested that if the lien on the Mobile Home was avoided that the court rule that the portion of their loan allegedly secured by the Mobile Home should be treated as unsecured and discharged (presumably attempting to limit/reduce U.S. Bank's claim

secured by the Real Property).

U.S. Bank, TransFinancial Bank and TransFinancial Mortgage Co. all failed to answer the complaint, and a default judgment was entered against them on March 22, 2010. That default judgment avoided any security interest of these Defendants in the Mobile Home.

<u>Conclusions of Law</u>

The Trustee moves for summary judgment against the Debtors. He argues that since he has already avoided the security interest in the Mobile Home, the avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

The Debtors respond that the first issue to decide is whether TransFinancial Bank's original lien on the Mobile Home continued as a lien in favor of U.S. Bank.  Any lien of TransFinancial Bank was extinguished when its loan was paid in full.  Moreover, the default judgment entered against U.S. Bank, TransFinancial Bank and TransFinancial Mortgage Co. avoided <u>any</u> security interests in the Mobile Home.

Debtors next argue that if there is no longer a lien, then they should be allowed either a homestead exemption or a determination that the portion of their loan allegedly secured by the Mobile Home should be treated as unsecured and discharged. This latter contention is without merit because 11 U.S.C. § 551 states that "Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title is preserved for the benefit of the estate but only with respect to property of the estate."  The value of the Mobile Home which was previously subjected to the now avoided lien was not preserved for the

Case 10-07001-tnw   Doc 23   Filed 08/13/10   Entered 08/16/10 10:33:23   Desc Main
Document    Page 4 of 4


benefit of the Debtors, rather it was preserved for the benefit of the estate. Debtors offer no authority to the contrary.

Finally, the Court cannot rule that the Debtors are allowed a homestead exemption. "[T]he preservation of an avoided transfer for the benefit of the estate under section 551 is subject to any preservation for the benefit of an individual debtor regarding exempt property under section 522(g) and (i)(2). This, however, does not allow a debtor to exempt property subject to the trustee's preserved lien position, unless such preserved lien was otherwise avoidable under section 522. Thus, generally, property that was voluntarily transferred by the debtor and recovered by the trustee under section 550 and preserved under 551 cannot be exempted." 5 COLLIER ON BANKRUPTCY ¶ 551.02[2] at 551-5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Section 522(g) allows a debtor to exempt property that the trustee recovers as long as the transfer was involuntary. The granting of a mortgage or security interest is voluntary. *See* 4 COLLIER ON BANKRUPTCY ¶¶ 522.12[1] and 522.12[2][b] at 522-113 - 522-114 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Here, the Debtors' grant of a security interest in the Mobile Home was voluntary; thus, the Debtors may not claim an exemption under 11 U.S.C. § 522(g). Section 522(i)(2) applies only when a <u>debtor</u> avoids a transfer; and thus, is inapplicable herein.

For these reasons, Plaintiff's Motion for Summary Judgment (DOC 12) shall be GRANTED. The avoided lien is for the benefit of the estate, and not for the benefit of the Debtors. This Memorandum Opinion includes the court's findings of fact and conclusions of law. A separate order shall be entered.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, August 13, 2010**
**(tnw)**